UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------:
JAY W. KELLER,                                        :
                                                      :   Case No. 1:18-cv-2242
          Plaintiff,                                  :
                                                      :
vs.                                                   :   OPINION & ORDER
                                                      :   [Resolving Doc. 4]
CITY OF BUCYRUS, OHIO, *et al.*                       :
                                                      :
          Defendants.                                 :
                                                      :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Jay Keller—the Bucyrus Fire Chief—sues the City of Bucyrus, its Mayor, and its Safety Director. He claims that certain disciplinary actions broke an employment contract and were age and disability discrimination. Defendants move to dismiss the case.

For the following reasons, the Court **GRANTS** Defendants' motion.

## I. Background

Plaintiff Keller works as the Bucyrus Fire Chief.[1] Around 2017, Plaintiff took disability leave for major back surgery.[2] Keller's back surgery did not result from work-related injuries. In July 2017, while Plaintiff was still on medical leave, Defendants gave Keller a disciplinary notice, citing alleged racial slurs and bullying.[3]

Subsequently, Defendants placed Plaintiff Keller on unpaid leave.[4] Further, they required Keller to pay for professional development and complete a physical examination.[5] Plaintiff satisfied these physical examination and professional development requirements

---

[1] Doc. 2 at 2.
[2] *Id.*
[3] *Id.*
[4] *Id.*
[5] *Id.*

Case No. 1:18-cv-2242
Gwin, J.

and returned to work.

On September 28, 2018, Plaintiff brought this action.[6] He claims that Defendants' disciplinary actions broke his employment contract, and unlawfully discriminated against him because of his disability and age.[7] On October 5, 2018, Defendants moved to dismiss the case.[8]

## II. Discussion

The Court will dismiss a complaint if the plaintiff fails to state a claim upon which relief can be granted.[9] To survive a motion to dismiss, the complaint must "state a claim to relief that is plausible on its face."[10] A claim is facially plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11]

The Court construes the complaint in the light most favorable to the plaintiff, accepting well-pleaded factual allegations as true.[12] However, "naked assertions devoid of further factual enhancement" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to survive a motion to dismiss.[13]

### A. Federal Discrimination Claims

Plaintiff Keller claims that Defendants discriminated against him because of his age and his disability in violation of federal law by requiring him to complete a physical examination.[14] However, Plaintiff needed to file his age and disability discrimination

---

[6] Doc. 2.
[7] *Id.*
[8] Doc. 4. Plaintiff opposes. Doc. 13. Defendants reply. Doc. 14.
[9] Fed. R. Civ. P. 12(b)(6).
[10] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[12] *See, e.g.*, *Matthew N. Fulton, D.D.S., P.C. v. Enclarity, Inc.*, 907 F.3d 948, 951 (6th Cir. 2018).
[13] *Iqbal*, 556 U.S. at 678 (internal quotation marks and brackets omitted).
[14] Doc. 2 at ¶¶ 28–41.

claims with the Equal Employment Opportunity Commission ("EEOC") before he could bring this lawsuit.[15] Because Plaintiff has not exhausted his administrative remedies, the Court dismisses his federal discrimination claims without prejudice.[16]

B. State Discrimination Claims

Plaintiff also claims that Defendants discriminated against him because of his age and his disability in violation of Ohio state law.[17] As those claims are related to Plaintiff's federal discrimination claims, they are here by virtue of the Court's supplemental jurisdiction.[18]

However, because the Court has dismissed the federal claims in this case, it declines to exercise its supplemental jurisdiction over Plaintiff Keller's state law discrimination claims.[19] Thus, it dismisses those claims without prejudice.

C. Breach of Contract Claim

Plaintiff Keller alleges that Defendants' disciplinary actions broke his employment contract.[20] Defendants respond that there was never a contract for them to breach.[21]

Because the Court has dismissed the federal claims in this case, it declines to exercise its supplemental jurisdiction over the breach of contract claim and dismisses it without prejudice. The Court notes, however, that it seriously doubts the breach of contract claim would survive the motion to dismiss.

---

[15] *See, e.g., Hoover v. Timken Co.*, 30 F. App'x 511, 513 (6th Cir. 2002).
[16] The Court notes that Plaintiff Keller may have missed his chance to file claims with the EEOC. In fact, Plaintiff concedes as much in his brief. Doc. 13 at 3–4. Plaintiff was required to file any EEOC complaint within 180 days of the challenged conduct. *Hoover*, 30 F. App'x at 513. Here, the allegedly wrongful conduct appears to have occurred on July 20, 2017 and March 18, 2018. Doc. 2. .
[17] Doc. 2 at ¶¶ 10–27.
[18] Doc. 2; 28 U.S.C. § 1367(a).
[19] 28 U.S.C. § 1367(c)(1)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim [if] . . . the district court has dismissed all claims over which it has original jurisdiction.").
[20] Doc. 2 at ¶¶ 5–9.
[21] Doc. 4 at 6–7.

For one, it appears Plaintiff has already abandoned this claim.[22] In his opposition to Defendants' motion to dismiss, Plaintiff never even mentions his breach of contract claim—much less defend it.[23]

Further, it seems that Plaintiff Keller's complaint fails to allege sufficient facts to support a claim for breach of contract. In his complaint, Plaintiff Keller claims that he had an employment contract with Defendants—full stop.[24] He does not identify who signed the contract, when the contract was executed, what the contract required, or any other details.

Finally, it appears that Plaintiff holds his position under Ohio law, not by contract. Ohio law states that "[t]he fire department of each city shall be composed of a chief of the fire department and other officers . . . provided for by ordinance."[25] And the Ohio Supreme Court has held "that a public officer or employee holds his office or position as a matter of law and not of contract."[26]

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss.

IT IS SO ORDERED.

Dated: December 6, 2018             *s/     James S. Gwin*
                                    JAMES S. GWIN
                                    UNITED STATES DISTRICT JUDGE

---

[22] *Moon v. Fischer*, 215 F. Supp. 3d 594, 599 (S.D. Ohio 2016). *See Humphrey v. United States Attorney Gen. Office*, 279 F. App'x 328, 331 (6th Cir. 2008).
[23] Doc. 13.
[24] Doc. 2.
[25] Ohio Rev. Code § 737.08(A).
[26] *Fuldauer v. City of Cleveland*, 290 N.E.2d 546, 551 (Ohio 1972).